IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HUTCHINS, | ) | |
| | ) | |
| PLAINTIFF, | ) | (WO) |
| | ) | |
| v. | ) | CASE NO. 3:04-cv-835-F |
| | ) | |
| ADVANCE CONSTRUCTION SERVICES, INC., | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

## **MEMORANDUM OPINION AND ORDER**

To err is human. In its short history, this case has aptly illustrated this principle. This cause is before the Court on two motions: Defendant's Motion to Dismiss and Incorporated Memorandum of Law (Doc. # 23) filed on April 26, 2005 and Defendant's Motion to Dismiss Due to Insufficiency of Service of Process (Doc. # 29) filed on May 12, 2005. By these motions, Defendant demands dismissal of this action without prejudice due to Plaintiff's failure to perfect service within the time provided by the Federal Rules of Civil Procedure. Given the nature of this case, a dismissal without prejudice would effectively preclude Plaintiff from refiling his claims pursuant to the Civil Rights Act of 1964. Nevertheless, or perhaps because of this fact, Defendant argues that the long period of time before Plaintiff attempted service and certain alleged defects in the service on the instances when it was attempted should cause this action to be dismissed. While the Court is far from satisfied with the quality of the advocacy in this action, the Court declines to dismiss this action. Accordingly, for the reasons that follow, Defendant's Motion to Dismiss and

Incorporated Memorandum of Law (Doc. # 23) filed on April 26, 2005 and Defendant's Motion to Dismiss Due to Insufficiency of Service of Process (Doc. # 29) are due to be DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

Given the grounds for these motions, the Court will first review the procedural history of this case and relevant factual events relating to the issues raised by the motions before addressing the legal standard which must be applied to resolve them.

On March 23, 2004, Plaintiff Edward Hutchins (hereinafter "Hutchins") signed a Charge of Discrimination against "Advance Construction" of 400 Neal Road, Cantonment, Florida. In this Charge of Discrimination, Hutchins, an African-American male, indicated that he had been discriminated against on the basis of his race and retaliated against. Hutchins indicated that he began working for "Advance Construction" as an Equipment Operator in September of 2002 in Alexander City, Alabama. He further stated that within a few months of starting work he was being sent home and denied work while white males were allowed to continue working on the equipment which he normally operated. He also indicated that he was paid less than white employees.[1]

On June 7, 2004, the Equal Employment Opportunity Commission (hereinafter

---

[1] The complete Charge of Discrimination has not been made a part of the record so the Court cannot say what other allegations may have been contained in the Charge of Discrimination.

"EEOC") mailed a Dismissal and Notice of Rights to Hutchins.[2] The Dismissal and Notice of Rights indicated that based on its investigation, the EEOC was unable to conclude that the information obtained established violations of the statutes. This document provided notice to Hutchins that he had only ninety days from receipt of the Dismissal and Notice of Rights to file a lawsuit based on the claims in his Charge of Discrimination. In addition to mailing the Dismissal and Notice of Rights to Hutchins, the EEOC also sent a copy of it to Charles Scott of "Advance Construction Services, Inc." in Cantonment, Florida. The delivery of the Dismissal and Notice of Rights to "Advance Construction Services, Inc." was plainly indicated on the bottom of the Dismissal and Notice of Rights.

On September 3, 2004, Hutchins filed this lawsuit against his former employer. At the time the Complaint was filed, the sole counsel for Hutchins was an attorney named E. Paul Jones (hereinafter "Jones"). The Complaint named "Advance Construction Company" as the sole defendant to the action. According to the allegations of the Complaint, Hutchins was employed by a Florida corporation called "Advance Construction Company" from September of 2002 until December of 2003. Compl. at ¶¶ 7-8. Hutchins Complaint set forth claims of race and age discrimination and retaliation pursuant to a variety of federal statutes. Compl. at ¶¶ 1, 2, 5, & 11.

On September 2, 2004, Jones sent a Notice of Lawsuit and Request for Waiver of

---

[2] The EEOC erroneously addressed the Dismissal and Notice of Rights to Edward Hutchinson rather than Edward Hutchins, but the Dismissal and Notice of Rights was addressed to the address provided in the Charge of Discrimination.

3

Service of Summons to "Advance Construction Company" care of Robert D. Najor (hereinafter "Najor"), as its registered agent for service of process. The notice to Najor was mailed to 109 Woodmere Drive, Brewton, Alabama. On September 27, 2004 Cheryl Najor received the notice addressed to Najor.

On October 13, 2004, Bradley Odom (hereinafter "Odom"), an attorney in Pensacola, Florida, sent a letter via facsimile to Jones. Odom informed Jones that Najor was not the registered agent for "Advance Construction Company" and could not legally accept service of process on behalf of Advance Construction Company. Odom further informed Jones that his research showed that Advance Construction Company was a dissolved corporation which previously did work in the Miami, Florida area. Odom made clear that he was not representing that Najor was not the registered agent for any other company or corporation. He further indicated that if Jones amended the complaint to sue an entity for which Najor is a registered agent, then he believed that "*service of process will be accepted via U.S. Mail, thus saving you a service of process fee.*" While it is true that Odom did not, in this letter, provide the proper name of Advance Construction Services, Inc., along with the name and address to which service should be sent, the Court cannot say that he was under any legal or ethical obligation to do so. In fact, as counsel for Advance Construction Services, Inc., he would not have been serving his client's interest if he had so acted.

4

On December 20, 2004,[3] one hundred and eight days after the Complaint was filed, Jones filed an Amended Complaint on Hutchins' behalf. The caption of the Amended Complaint lists "Advance Construction Services, Inc." as the sole defendant; however, the allegations in the body of the Amended Complaint still refer only to "Advance Construction Company." Indeed, the only difference between the Complaint and the Amended Complaint was the change to the name of the defendant in the caption.

As of January 2, 2005, more than one hundred and twenty days had passed without service of either the Complaint or the Amended Complaint having been perfected on Advance Construction Services, Inc. or any other entity. Indeed, the only evidence before this Court is that Jones made one attempt prior to January 2, 2005 to request that the requirement of service be waived. That request was not properly made and even if it had been, the Federal Rules of Civil Procedure make it plain that a defendant is entirely free to decline to waive service.

According to an affidavit submitted to this Court by Jones, Jones was elected to the position of District Attorney for the Fifth Judicial Circuit of Alabama on November 2, 2004. As a result, Jones was required end his private practice by January 17, 2005, when he assumed his elected office. The Court notes that January 17, 2005 was more than one hundred and twenty days after this lawsuit was filed. According to Jones, he dictated a

---

[3] While Jones signed the Amended Complaint on December 15, 2004, the Court did not receive the Amended Complaint until December 20, 2004.

motion to withdraw and a request for an extension of all deadlines to be filed in all of his cases. For reasons not specified in the record before this Court, the motion to withdraw and for an extension was never filed in this case. Consequently, Jones has never been allowed to withdraw as counsel for Hutchins; indeed, Jones is still listed on this Court's docket as one of the attorneys for Hutchins in this case. Moreover, there was no Order entered granting any extension of any deadlines prior to January 17, 2005.

On January 21, 2005, Angela Hill (hereinafter "Hill"), an attorney who describes herself as the former law partner of Jones, filed a notice of her appearance on behalf of Hutchins. On February 9, 2005, Hill filed a Motion to Extend Time for Service Upon the Defendant (Doc. # 4). This motion was filed one hundred and sixty days after the lawsuit was filed. By this motion, Hill requested that the Court extend any deadlines requiring service upon the defendant in this cause.

Unfortunately, this motion grossly misrepresented several material facts.[4] In this motion, Hill represented falsely that "service was accepted by the Registered Agent, Robert Najor, on September 27, 2005." (Doc. # 4 at ¶ 2). The evidence cited for this statement was the return receipt card for the Notice of Lawsuit and Request for Waiver of Service of Summons to "Advance Construction Company" which had been addressed to Robert D. Najor and signed for by Cheryl Najor on September 27, 2004. Given that the document

---

[4] The Court advises Hill that in its view she has failed to comply with the duty of candor she owes this Court. The Court expects that all future filings with this Court will be carefully crafted with Federal Rule of Civil Procedure 11 and the duty of candor in mind.

6

delivered to Najor's home on September 27, 2004, was not the summons and complaint, he cannot be said to have accepted service.

Citing the October 13, 2004 letter from Odom, Hill stated that "the Registered Agent's Attorney mailed correspondence in what appear [sic] to be an overt attempt to evade service[.]" (Doc. # 4 at ¶ 4). Odom's response was not mailed; it was sent to Jones by facsimile. Moreover, the Court disagrees that it could be properly characterized as an attempt to evade service.

Hill stated that the Charge of Discrimination was issued in the name of Advance Construction Services, Inc. (Doc. # 4 at ¶ 5). In fact, the Charge of Discrimination referred only to Advance Construction, and it appears likely that the EEOC Dismissal and Notice of Rights only correctly refers to Advance Construction Services, Inc. because of information provided by defendant. Nevertheless, Hills reference to the Dismissal and Notice of Rights does highlight the fact that Hutchins and his counsel had information in their possession which revealed the correct name of his former employer even before he filed suit improperly identifying his employer.[5]

Hill further represented that Hutchins had *previously* been represented by Jones and that Jones' "withdrawal has just recently been granted by this Court." (Doc. # 4 at ¶ 8).

---

[5] In addition to the Dismissal and Notice of Rights, which Hutchins and his counsel clearly had prior to suit, the Court also wonders if Hutchins didn't also have in his possession some other record, such as tax documents or pay stubs, which might have revealed the correct legal name of his former employer.

Additionally, Hill erroneously asserted that Jones had filed a motion to withdraw which requested an extension of deadlines in this case. (Doc. # 4 at ¶ 9). As previously noted, Jones inadvertently failed to file his motion to withdraw or motion for extension of time in this case. Moreover, even if the motion for extension of time had been filed, it certainly had not been granted. The Court reminds Hill that the pendency of a motion for extension does not extend deadlines. Deadlines are extended by orders of the Court. Accordingly, if a motion is pending and has not been granted, it is incumbent upon the party to comply with the deadline even if a motion for extension of that deadline is awaiting a ruling.

Hill correctly noted that she had only recently appeared in the case. She explained that she had filed a new Summons for Service upon Advance Construction Services and that the new service had not been refused or completed as of February 3, 2005. Hill asked for an extension of unspecified length of the deadline for service. Despite referring to Odom as counsel for Defendant, it does not appear that Hill sent a copy of this motion to Odom.

On February 10, 2005, Magistrate Judge McPherson, to whom the case was then assigned, entered an Order granting the Motion to Extend Time for Service Upon the Defendant (Doc. # 4) and allowing Hill until February 28, 2005 to perfect service. According to the sworn affidavit in the record, on February 14, 2005, Hill's legal assistant mailed a Summons and Complaint to the Clerk of the Court along with a certified mail postage ready package so that service could be served on Najor at the registered agent

8

address on file with the Alabama Secretary of State's office.[6]  Summons issued to Advance Construction Services, Inc. at 109 Woodmere Drive, Brewton, Alabama, on February 15, 2005.  According to the docket sheet in this case, the Clerk of the Court mailed the summons and Complaint to "Advance Construction Company" by certified mail with return receipt requested; however, the copy of the Summons itself which the Clerk of the Court docketed correctly referred to Advance Construction Services, Inc.  (Doc. # 6).

On February 28, 2005, Cheryl Najor signed a receipt for a certified mail delivery addressed to Advance Construction Service, Inc.  The return receipt was docketed in the Court file (Doc. # 9).  According to testimony given under penalty of perjury in a declaration filed with this Court, Cheryl Najor reviewed the contents of the envelope for which she signed on February 28, 2005, and the envelope did not include a Complaint against Advance Construction Services, Inc.  Instead the envelope contained a motion to extend time for service upon the defendant and various other documents, some of which appeared to be incomplete.  The envelope did not include a request for a waiver of service of summons.

On February 28, 2005, Hill filed a Motion to Extend Time for Service Upon the Defendant (Doc. # 7) and a Motion for Order Granting Service by Sheriff (Doc. # 8).  Once again, it does not appear that Hill sent a copy of this motion to Odom, who she identifies as counsel for Defendant.  In this motion, Hill reiterates many of the factually inaccurate or

---

[6] According to the records of the Office of the Secretary of State of Alabama, Advance Construction Services, Inc. was incorporated in 1992 and its registered agent for service of process is "Robert D. Najor, 109 Woodmere Drive, Brewton, Alabama, 36426."

misleading statements on which her initial motion for extension of time for service were based. *Compare* Doc. # 4 at ¶¶ 2 & 4 with Doc. # 7 at ¶¶ 2 & 3.  This motion offers no explanation whatsoever for Hutchins' failure to perfect service between February 10, 2005 and February 28, 2005, but notes that service had been neither perfected nor refused as of February 28, 2005.  At the same time she filed the second motion for extension of time for service, Hill also filed a Motion for Service by a Special Process Server (Doc. # 7).

According to Court records, the return receipt card (Doc. # 9) from the February 15, 2005 issuance of the summons and complaint was received by the Court on March 1, 2005. This return receipt card bore Cheryl S. Najor's signature and was dated February 28, 2005.

On April 1, 2005, Magistrate Judge McPherson, to whom this case was then assigned, entered an Order granting the second motion to extend the deadline and the motion for service by sheriff.  In so ruling, Magistrate Judge McPherson appears to have relied in part on a belief that service has been made on the registered agent for Advance Construction Services and cited (Doc. # 9).  Magistrate Judge McPherson specifically explained that "if service has not been perfected upon the named defendant, the court will not grant further extensions."  (Doc. # 10).

On April 5, 2005, Hill sought leave to amend the Complaint again so that the allegations in the body of the Complaint would name the correct defendant.  Hill's motion for leave to amend did not have a certificate of service.  The Clerk of the Court required Hill to submit a certificate of service for the motion for leave to file the Second Amended

Complaint. On April 18, 2005, Magistrate Judge McPherson granted leave to Hill to file the Second Amended Complaint on Hutchins' behalf. The Order granting the motion for leave to amend the Complaint (Doc. # 14) was mailed to Advance Construction Company on April 18, 2005. According to the certificate of service on the Second Amended Complaint, a copy of it was mailed to Advance Construction Services, Inc. on April 19, 2005.

On April 19, 2005, the Clerk of the Court signed and issued a summons to Advance Construction Services, Inc. (Doc. # 18). The Clerk of the Court mailed a copy of the Second Amended Complaint and the April 19, 2005 summons to Advance Construction Services, Inc. by certified mail return receipt requested. On April 19, 2005, Hill's legal assistant produced a package containing a summons signed by the Clerk of the Court, the Complaint, the Amended Complaint, the Second Amended Complaint and other documents and mailed it to the Sheriff in Escambia County for service upon Defendant. The postal receipt for this package indicates that it weighed more than five ounces. Deputy Sheriff David Clark (hereinafter "Clark") received this package on April 20, 2005.

Clark has submitted an affidavit in which he explains that he served the summons and copies of the Complaint, the Amended Complaint, and the Second Amended Complaint. on Advance Construction Services, Inc. by leaving a copy at the home of its agent, Najor, on April 22, 2005. Clark indicates that the documents were left with Cheryl Najor, the wife of the registered agent for Defendant. This affidavit is consistent with the sworn information Clark contemporaneously recorded under penalty of perjury on the Summons itself. (Doc.

11

# 24).  On April 29, 2005, the Clerk of the Court docketed a copy of the April 19, 2005 summons to Advance Construction Services, Inc. (Doc. # 24).  Nevertheless, Cheryl Najor has signed a declaration under penalty of perjury indicating that on April 22, 2005, a process server handed her two items, a two-page summons and a two page Order dated April 1, 2005. Cheryl Najor avers that she received no other documents on that day and that there was no complaint in the papers served on her on April 22, 2005.

On April 26, 2005, Odom filed his appearance as counsel for Advance Construction Services, Inc. (hereinafter "Defendant").  On that same date, he filed the first of the two motions to dismiss, Defendant's Motion to Dismiss and Incorporated Memorandum of Law (Doc. # 23).  As grounds for this motion, Defendant argued that the case should be dismissed due to Hutchins' failure to serve a copy of the summons and complaint upon it within the 120 day period specified in Federal Rule of Civil Procedure 4(m).

Magistrate Judge McPherson entered an Order setting a June 21, 2005 scheduling conference in the case (Doc. # 25) and an Order setting a briefing schedule on Defendant's motion to dismiss (Doc. # 26).  Shortly thereafter, Defendant requested reassignment of this case to a district judge (Doc. # 28) and this matter was reassigned to the undersigned (Doc. # 32).

On May 12, 2005, Defendant filed its second motion to dismiss (Doc. # 29). Like the first motion to dismiss, this motion was supported by an affidavit from Cheryl Najors (Doc. # 30) and a brief (Doc # 31).  By this motion, Defendant again challenges the timeliness and

12

sufficiency of service in this case and asks that the case be dismissed. Hutchins vigorously opposes dismissal of this action.

## DISCUSSION

The Federal Rules of Civil Procedure are intended to "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. These rules govern the procedural life of civil actions pending in the United States District Courts. Parties appearing in cases pending in federal court must comply with the dictates of the Federal Rules of Civil Procedure. A federal civil action is commenced by the filing of a complaint with the Court. Fed. R. Civ. P. 3. In this case that event occurred on September 3, 2004.

The next event in the life of a civil action relates to the summon which must be signed by the Clerk of the Court, bear the seal of the Court, identify the court in which the action is pending and the parties to the action. Fed. R. Civ. P. 4(a). The summons must also reveal the name and address of plaintiffs counsel. *Id.* The summons is directed to the defendant and must inform the defendant of the time within which the defendant must appear and defend and the consequences of not so doing. *Id.* Upon or after the filing of the Complaint, the plaintiff is charged with presenting a completed summons to the Clerk for signature and seal. Fed. R. Civ. P. 4(b). If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. *Id.* The plaintiff is responsible for service of a summons and a copy of the complaint on defendant within the time allowed for

13

service under Federal Rule of Civil Procedure 4(m). Fed. R. Civ. P. 4(c)(1). The plaintiff must furnish the person effecting service with the necessary copies of the summons and complaint. *Id.* While a plaintiff may request that a defendant waive service of summons, the defendant need not do so. Fed. R. Civ. P. 4(d). Service upon corporations such as Defendant is addressed by Federal Rule of Civil Procedure 4(h). If service is not waived, the person effecting service shall make proof thereof to the Court. Fed. R. Civ. P. 4(l).

The Federal Rules of Civil Procedure also address the time within which a plaintiff must serve the complaint.

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service of an appropriate period. ...

Fed. R. Civ. P. 4(m). The Advisory Committee Notes explain that this rule requires a court to extend the time for service where the plaintiff shows good cause for failing to service the defendant within the 120 days and "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there was no good cause shown." Advisory committee's note to 1993 amendment of Fed. R. Civ. P. 4(m). The Advisory Committee Notes further provide that even in the absence of good cause for failure to serve within the 120 days, additional time for service may be justified where the applicable statute of limitations would bar the refiled action or if the defendant is evading service or conceals

14

a defect in the attempted service. *Id.* In March of 2005, the Eleventh Circuit explicitly held that Rule 4(m) "grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir. 2005). The Eleventh Circuit further explained that the Advisory Committee Note to Rule 4(m) provides guidance as to what factors may justify the grant of an extension of time for service of process in the absence of good cause. *Id.* "Although the running of the statute of limitations does not require that a district court extend the time for service of process under the new rule," the Eleventh Circuit observed that in some circumstances, including circumstances where the 120 days time for service runs because of error or mistakes by plaintiff's counsel, it militates in favor of the exercise of a district court's discretion to do so. *Id.* at 1130-32.

Defendant argues that dismissal of this case is "appropriate" because this lawsuit was not served on Defendant within 120 days of the filing of the Complaint and no good cause exists which could excuse this failure to timely serve the Defendant. For this argument, Defendant relies on cases from the Eleventh Circuit which were decided prior to the change to Rule 4 wrought by the 1993 amendments to the Federal Rules of Civil Procedure. In fact, when the Eleventh Circuit decided the *Horenkamp* case on March 11, 2005, which was more than a month before Defendant filed its motion, it specifically explained that the very cases on which Defendant relies no longer govern because they were decided prior to the rule change. *See Horenkamp,* 402 F.3d at 1132 n.2. Curiously, Defendant makes absolutely no

15

mention of *Horenkamp* or the fact that the very cases on which it relies has been called into doubt. In this Court's view, Defendant's argument fails to comport with Defendant's duty of candor to this Court. The Court advises counsel for Defendant that such advocacy is not acceptable and in the future, Defendant's counsel must make some effort to acknowledge or address binding negative precedent and to cite cases which are still good law in future submissions to this Court.

In its motions, Defendant also argues that Hutchins deserves no credit for attempting to serve Defendant. In making this argument, Odom contends that service of process could not have been legally effectuated by mail in this case. Without commenting on the correctness of this statement, the Court must observe that Odom, himself, invited Jones to attempt service by mail in this case in order to avoid the cost of a process server. In his letter of *October 13, 2004*, Odom stated that

> [s]hould you wish to amend your complaint so as to sue an entity for which Mr. Najor is a registered agent, then I believe that service of process will be accepted via U.S. mail, thus saving you a service of process fee.

In light of this representation, it is not at all surprising that the February of 2005 attempt at service of process was one which employed certified mail rather than service by a process server.

In Defendant's second motion to dismiss (Doc. # 35), Defendant argues that Hutchins' efforts at service have been legally inadequate and that as a result, it has never been properly served with the items the law requires. Defendant complains that Cheryl Najor is not the

16

registered agent for service of process for Defendant. This is true. She is the spouse of the registered agent. Defendant denies that Cheryl Najor received a copy of the any of the complaints filed in this case from the process server on April 22, 2005. The process server disputes this fact. In this Court's view, an evidentiary hearing to determine exactly what was delivered to Cheryl Najor would be a waste of scare judicial resources and the parties' time and money. This is especially true, because the Court is not convinced that service on Advance Construction Services, Inc. can be perfected by delivery of summons and complaint *to the spouse* of its registered agent for service of process.

The Court finds that Plaintiff has not proven that he has perfected service as of the date of this Memorandum Opinion and Order on Advance Construction Services, Inc. Despite this failure to perfect service and the length of time since the filing of the lawsuit, the Court will exercise its discretion to extend the time for service in this action and require Plaintiff to perfect service of process on Defendant by **October 1, 2005**. Given that this case arises, in part under a statute which requires the lawsuit to be commenced within a limited time of the receipt of the dismissal and notice of rights from the EEOC, which time has now expired, this case is one in which it could be said that the dismissal of this case without prejudice would effectively preclude some of Hutchins' claims. For this reason, and due to the other unique circumstances of this case, the Court finds that the circumstances militate in favor of this exercising this Court's discretion to extend the time for service.

Counsel for Plaintiff is advised that based on the record before it, it does not consider

Defendant's past conduct to be "evasion of service." Plaintiff has a tough adversary which demands compliance with the letter of the law. This is the right of any defendant. It would appear that although Odom once represented that his client was willing to accept service via U.S. Mail, Defendant appears no longer willing to accept such service. Given the lengthy delay already occasioned by the issue, Plaintiff is directed to take careful steps to effectuate service as provided by the Federal Rules of Civil Procedure *immediately* upon receipt of this Memorandum Opinion and Order. The Court has allowed what it considers an ample time for service to be completed provided that the time is put to good use.

Accordingly, it is hereby ORDERED as follows:

(1) Defendant's Motion to Dismiss and Incorporated Memorandum of Law (Doc. # 23) filed on April 26, 2005, is DENIED.

(2) Defendant's Motion to Dismiss Due to Insufficiency of Service of Process (Doc. # 29) filed on May 12, 2005, is DENIED.

(3) The time for service of summons and complaint is hereby extended to **October 1, 2005**.

DONE this the 17th day of August, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE